IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN MALTBIA, #K74519, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-03601-MAB |
| ) | |
| WILLIAM LOY (Warden, Robinson C.C.), ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Kevin Maltbia, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights (Doc. 1). He asserts that Defendant confined him in a cell house for about a month in sweltering conditions, and seeks monetary damages (Doc. 1, pp. 6-7, 11-12).

The Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims.[1] 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint based on Plaintiff's consent to the full jurisdiction of a magistrate judge, and the limited consent by the Illinois Department of Corrections to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between this Court and IDOC.

1

## THE COMPLAINT

A review of the Complaint reveals the following allegations: Plaintiff was housed in Robinson's Unit 3 in July 2022. The windows in Unit 3 do not open, the blowers weren't working, and the air conditioning went out on approximately July 16, 2022 (Doc. 1, p. 6). Officers would only rarely open a door to bring in outside air for ventilation. As a result, Plaintiff suffered from the intense heat – with a heat index over 100 degrees – for over a month, before he was moved to another area of the prison.

Plaintiff filed an emergency grievance over these conditions on July 24, 2022 (Doc. 1, pp. 11-12). On July 18, 2022, after nine days in the stifling conditions, Plaintiff became lightheaded, short of breath, confused, and overheated. *Id.* A nurse diagnosed him with heat exhaustion due to the lack of ventilation. The conditions also deprived him of sleep. In a response to the grievance, Warden Loy admitted he knew the air conditioner was out in Unit 3 (Doc. 1, p. 4). Plaintiff was told parts had been ordered to repair the air conditioning unit, but he later learned nothing was ordered until August 5, 2022, after he was moved out of Unit 3 (Doc. 1, pp. 6, 10). Another inmate has proof that the warden was aware of the risk from these conditions yet did nothing for days (Doc. 1, p. 9).

Plaintiff seeks damages for his pain and suffering. (Doc. 1, p. 7).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> **Count 1:** Eighth Amendment deliberate indifference claim against Warden William Loy for failing to remedy the dangerously hot and unventilated conditions in Robinson's Unit 3 in

> **July 2022, causing Plaintiff to suffer physical harm including heat exhaustion.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Count 1

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

Extreme temperatures and inadequate ventilation inside a prison can violate the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Eighth Amendment. *See Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013) ("[I]t is well settled that exposing prisoners to extreme temperatures without adequate ventilation may violate the Eighth Amendment."); *White v. Monohan*, 326 F. App'x 385, 387 (7th Cir. 2009) (prisoner sufficiently stated conditions of confinement claim based on extreme cell temperatures over 100 degrees and the lack of ventilation). Both the severity of the heat and its duration must be considered in determining whether the conditions violate the Constitution. *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022). Plaintiff's description of the objective conditions, combined with his assertion that Warden Loy knew of the conditions but failed to take steps to mitigate the risk to Plaintiff's health, are sufficient for Count 1 to proceed.

### PENDING MOTION

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). In determining whether to recruit counsel, the Court considers whether the *pro se* party has made reasonable efforts to secure counsel on his own and his ability to litigate the case on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff states he tried to meet the first requirement by writing to three lawyers who have not responded, but he did not include copies of his letters (Doc. 3, p. 1). This is not sufficient to satisfy the first *Pruitt* factor. Moreover, at this early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so recruitment of counsel would be premature. S*ee Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for

4

assistance of counsel...cannot be gauged."). If Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he should submit at least three rejection letters from attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

The Complaint states a colorable claim in Count 1 against Warden William Loy.

The Clerk shall prepare for William Loy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: May 23, 2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take 90 days or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.